# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1031V
UNPUBLISHED

| | |
|---|---|
| CHARLES HESS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 10, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Timothy James Lessman*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.

*Joseph Adam Lewis*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On March 5, 2021, Charles Hess filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barre Syndrome ("GBS") as a result of an influenza vaccine received on September 21, 2018. Petition at 1. Petitioner further alleges that he received the vaccine in the United States, suffered the residual effects or complications of his illness for more than six months, and has never received compensation or filed a civil action for his vaccine-related injuries. Petition at 1, ¶¶ 18-19. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 10, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On March 10, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $95,000.00. Proffer at

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $95,000.00 (representative of past pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHARLES HESS, ) | |
| ) | |
| Petitioner, ) | No. 21-1031V    ECF |
| ) | |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

### I.   Procedural History

On March 5, 2021, Charles Hess ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleges that he developed Guillain-Barré Syndrome ("GBS") within the Vaccine Injury Table timeframe following the receipt of an influenza ("flu") vaccine administered to him on September 21, 2018. Petition at 1. On January 6, 2022, respondent filed his Vaccine Rule 4(c) Report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. ECF No. 23. On January 10, 2022, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. ECF No. 24.

### II.   Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

a lump sum of **$95,000.00** for all damages, representative of past pain and suffering. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$95,000.00** in the form of a check payable to petitioner.[2] Petitioner agrees.

                                                Respectfully submitted,

                                                BRIAN M. BOYNTON  
                                                Principal Deputy Assistant Attorney General

                                                C. SALVATORE D'ALESSIO  
                                                Acting Director  
                                                Torts Branch, Civil Division

                                                HEATHER L. PEARLMAN  
                                                Deputy Director  
                                                Torts Branch, Civil Division

                                                DARRYL R. WISHARD  
                                                Assistant Director  
                                                Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

                    s/ *Joseph A. Lewis*
                    JOSEPH A. LEWIS
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146,
                    Benjamin Franklin Station
                    Washington, D.C. 20044-0146
                    T: (202) 451-7495
                    E: joseph.a.lewis@usdoj.gov

DATED: March 10, 2022